UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY CO., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1182 (CEJ) |
| ) | |
| QUINTON SARCHETT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Lisa Foskett to dismiss based on the Wilton/Brillhart abstention doctrine. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

This is an insurance coverage dispute. On August 6, 2009, Lisa Foskett filed suit in the Circuit Court of St. Louis County, alleging that Quinton Sarchett and Travis Matlock, employees of Hanco Construction Company, negligently caused the death of her husband. Foskett v. Sarchett, et al., No. 09SL-CC03411 (the underlying case). Travelers Indemnity Company insured Hanco pursuant to a policy of general commercial liability insurance. On July 2, 2012, Travelers filed this action against Sarchett, Matlock, and Foskett, pursuant to 28 U.S.C. § 2201, seeking a declaration that it has no duty under the policy to indemnify Sarchett and Matlock. On July 31, 2012, the St. Louis County court entered judgment in favor of Lisa Foskett in the amount of $1,000,000.00 on her claim against Sarchett, and in favor of Matlock on her claim against him. Foskett then filed an equitable garnishment action in state court, Foskett v. Travelers and Sarchett, No. 12SL-CC03463, to collect the judgment, arguing

that the Travelers policy provides coverage for the judgment issued in the underlying action. She now moves to dismiss the declaratory judgment action in this court.

**II.     Discussion**

"[F]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 792 (8th Cir. 2008) (quoting Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) (alteration in original). Under the Colorado River standard, a federal court should abstain from a case in which there are parallel state proceedings for only "exceptional circumstances." 424 U.S. at 813 (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188–89 (1959)). However, federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act. Royal Indem., 511 F.3d at 792 (Declaratory Judgment Act provides that a court "_may_ declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis in original); 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

In Wilton, the Supreme Court confirmed the application of the discretionary standard set forth in Brilhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), to a declaratory judgment action where there is a pending parallel state court proceeding:

> Over 50 years ago, in Brillhart . . ., this Court addressed circumstances virtually identical to those present in the case before us today. An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy. The District Court dismissed the action in favor of pending state garnishment proceedings, to which the insurer had been added as a defendant. The Court of Appeals reversed, finding an abuse of discretion, and

ordered the District Court to proceed to the merits. Reversing the Court of Appeals and remanding to the District Court, this Court held that, "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction." The Court explained that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." The question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

Wilton, 515 U.S. at 282 (citations omitted) (alterations in original).

In order for a district court to abstain in a proceeding under the Declaratory Judgment Act, the state court proceeding must present "the same issues, not governed by federal law, between the same parties," and the federal court must evaluate "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." Royal Indem., 511 F.3d at 796 (quoting Brillhart, 316 U.S. at 495). The court's "key consideration . . . is to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court in light of the scope and nature of the pending state court proceeding." Evanston Ins. Co. v. Johns, 530 F.3d 710, 713 (8th Cir. 2008) (quoting Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000)).

This case involves the same parties as the state court proceeding: Travelers, Sarchett, and Foskett.[1] All parties are amenable to service of process in the state court case and all necessary parties have been joined. Furthermore, both the state and federal proceedings involve the same issue, *i.e.*, whether Sarchett is an insured

---

[1] Although Travelers named Matlock in this action, it has agreed to dismiss him from this lawsuit.

under the terms of the Hanco policy, a matter to be determined solely by Missouri law. A decision rendered in either action "will fully dispose of the claims presented" in the other action. Capitol Indem. Corp. v. Schaefer Group, Inc., No. 4:08CV1248 (CDP), 2010 WL 2520607, at * 4 (E.D. Mo. June 15, 2010) (quoting Fru-Con Const. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009)). The requirements for abstention are satisfied and the Court may properly exercise its discretion to abstain.

In Haverfield, the Eighth Circuit held that the district court abused its discretion when it denied a motion to dismiss a federal action in favor of a parallel state court proceeding. 218 F.3d at 875. In Haverfield, the insurer filed a federal declaratory judgment action seeking a determination that an insured's claim was excluded under the policy. The state court entered judgment in the underlying negligence action while the federal declaratory judgment action was pending. The prevailing party asserted that the claim was covered by the insurance policy and filed an action in state court to collect judgment from the insurance company. Id. at 874. The federal court declined to abstain and the state court and federal court reached conflicting outcomes with respect to coverage. Id. The Eighth Circuit held that the state court was in a better position to adjudicate the matters, "and permitting this federal action to proceed was unnecessarily duplicative and uneconomical." Id. at 875.

In its opposition to Foskett's motion, Travelers argues that abstention is inappropriate here because there is no split of authority among the Missouri courts regarding the coverage issues involved. Thus, unlike in Havefield, this Court is not asked to predict what the Missouri Supreme Court would decide with respect to the issues presented. The presence of a split of authority in the state court is certainly a factor favoring abstention; its absence, however, does not preclude abstention.

Where, as here, the federal and state cases involve "the same parties, the same issue, the same insurance policies, and the same arguments," abstention is warranted. Schaefer, 2010 WL 2520607 at*4 (quoting Haverfield, 218 F.3d at 875).

Travelers relies on Pharmacists Mutual Ins. Co. v. Courtney, 2003 WL 9500818 (W.D. Mo. 2003) to support its contention that abstention is unwarranted. In Courtney, the insurer sought a declaration that its policy did not provide coverage for its insured, a pharmacist who pleaded guilty to charges that he diluted prescription medications before dispensing them to patients. In its declaratory judgment action, the insurer named all of Courtney's customers. Id. at * 1. More than 350 state court actions were pending against Courtney and one case had proceeded to trial, resulting in a verdict against Courtney. The prevailing plaintiff filed a garnishment action against the insurer. Many of the defendant customers filed motions to dismiss or abstain in favor of the pending tort actions and garnishment action, based on the Wilton/Brilhart decisions. The district court denied the motions. The court determined first that the tort cases were not parallel actions. With respect to the pending garnishment action, the court noted that it involved only one of the customers. By contrast, the federal action had the potential to decide the rights of all of Courtney's customers. Id. at 2-3. Under this circumstance, the court concluded that abstention was unwarranted.

The instant is materially distinguishable from Pharmacists Mutual . In this case, there are two lawsuits, not several hundred. Liability has been determined and all that remains for decision is whether the judgment against Sarchett is covered under the policy issued by Travelers. This is a question of state law and there is a pending state court proceeding in which the question will be answered.

Travelers notes that this case was filed before the garnishment action and asserts that this factor weighs against abstention. Where the two cases involve the same parties, same issue, same insurance policy, and same arguments, the relative timelines of the two cases is not a dispositive factor. Schaefer, 2010 WL 2520607 (citing Haverfield). Additionally, this case is still in the preliminary phase as a Rule 16 scheduling conference has not yet been set. Thus, the court finds that the timing of the two actions is not a material consideration.

In conclusion, the Court finds that the issue of whether coverage exists under the policy for Foskett's damages would be better addressed by the state court in the parallel garnishment action, where the claims of all parties can be satisfactorily adjudicated.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Lisa Foskett to dismiss [Doc. #29] is **granted**.

A separate order of dismissal will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2012.